MICHAEL JAY BERGER (State Bar # 100291)
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Blvd. 6th Floor
Beverly Hills, CA 90212-2929
Telephone:    (310) 271-6223
Facsimile:    (310) 271-9805
michael.berger@bankruptcypower.com

Attorney for Debtors,
Harry Marshak and Aviva Marshak

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>Harry Marshak and Aviva Marshak,<br><br>    Debtors. | CASE NO.: 2:09-bk-32389-VK<br><br>Chapter 11<br><br>OPPOSITION OF DEBTORS TO MOTION FOR RELIEF FROM AUTOMATIC STAY OF LOGAN MORTGAGE, INC. AND MARK LEONARD; DECLARATION OF HARRY MARSHAK IN SUPPORT THEREOF<br><br>Date: October 28, 2009<br>Time: 2:00 p.m.<br>Place: Courtroom 1675 |

TO THE HONORABLE VICTORIA S. KAUFMAN, JUDGE OF THE UNITED STATES BANKRUPTCY COURT, TO THE UNITED STATES TRUSTEE AND TO ALL INTERESTED PARTIES:

Counsel for Harry Marshak and Aviva Marshak (collectively, the "Debtors"), the Law Offices of Michael Jay Berger, submit the following Opposition to the Motion for Relief from the Automatic Stay (the "Motion") of Logan Mortgage, Inc. and Mark Leonard (collectively, "Logan"):

## I. INTRODUCTION

On August 21, 2009, Debtors filed a voluntary Chapter 11 Bankruptcy. The Debtors are individuals residing in Beverly Hills, California. See Declaration of Harry Marshak (the "Marshak Declaration"), para. 2.

Assets of the Debtors' bankruptcy estate include the real property located at 611 North Camden Drive, Beverly Hills, California 90210 (the "Property"). See Marshak Declaration, para. 3. The Property, contrary to the contentions of Logan, has a market value of $4,750,000.00. This value is established by the fact that the Property is currently under contract for that price. See Marshak Declaration, para. 4. Logan contends that the current fair market value of the Property is $3,700,000.00. See Declaration of Ron Sentchuk (the "Sentchuk Declaration"), para. 10. Current secured debts on the Property, according to Logan's Motion, are $3,684,439.36. See Sentchuk Declaration, para. 12(a). Factoring in Logan's estimated costs of sale from the Motion, more than $750,000.00 in equity remains after costs of sale are considered. See Sentchuk Declaration, para. 12(a), (e).

At this writing, no motion to approve the sale of the Property has been filed because the Debtors are still awaiting an exact payoff demand from the first note holder, America's Servicing Company ("ASC"). Logan has provided the Debtors with a payoff demand. See Marshak Declaration, para. 5.

The fact that the Property is currently under contract for $4,750,000.00 is significantly more reliable in determining the fair market value of the Property than Logan's self-serving opinion of value submitted in connection with the Motion. Considering the existence of more than a $1,050,000.00 equity cushion under §362(d)(1) and Debtors' equity of more than $1,050,000.00 under §362(d)(2)(A), the Motion must be denied.

II. **ARGUMENT**

    A.    Relief From Stay Under 11 U.S.C. §362(d)(1) Should be Denied

In determining whether or not a secured creditor is adequately protected under 11 U.S.C. §362(d)(1) the Court looks at that creditor's equity cushion.

Logan contends in its Motion that it has no equity cushion in the Property as a result of Logan's alleged fair market value. See Sentchuk Declaration, paragraphs 10, 12(a) and 12(d). Considering the true value of the Property, the contract value of $4,750,000, Logan is adequately protected under 11 U.S.C. §362(d)(1), with an equity cushion of more than $1,050,000.00.

Although equity cushion can by itself constitute adequate protection within meaning of 11 U.S.C. § 362(d)(1), and certainly should in this instance, other factors are often considered. The size of equity cushion, the rate at which cushion will be eroded, whether periodic payments are to be made to prevent or mitigate erosion of cushion, and if property is to be liquidated the likelihood of reasonably prompt sale are all considered. See In re: Liona Corp., 68 B.R. 761 (E.D. Pa. 1987). Here, not only is the equity cushion more than $1,050,000.00, but the Property is also scheduled for sale at a price that will pay Logan in full.

Based upon the foregoing, Logan is adequately protected and relief under 11 U.S.C. §362(d)(1) should thus be denied.

B. Relief From Stay Under 11 U.S.C. §362(d)(2) Should be Denied

For a successful relief from stay motion under 11 U.S.C. §362(d)(2) the moving party must show that the Debtor does not have an equity in the property and such property must not be necessary to an effective reorganization. 11 U.S.C. §362(d)(2)(A) and (B). Logan satisfies neither of these prerequisites and therefore, the Motion but also be denied under 11 U.S.C. §362(d)(2).

    1. **Logan Has Not Satisfied the Requirements of 11 U.S.C. §362(d)(2)(A) to Merit Relief From the Automatic Stay**

Since, in this case, based upon the evidence submitted, the Debtors' equity under 11 U.S.C. §362(d)(2)(A) is the same as Logan's equity cushion under 11 U.S.C. §362(d)(1), over $1,050,000.00, Logan's Motion must be denied. The Debtor has equity in the Property of more than $1,050,000.00, due to the fact that the Property is under contract for $4,750,000.00. Considering the foregoing, relief from stay is not appropriate under Section 362(d)(2)(A).

    2. **Relief From Stay Should be Denied Because the Property is Necessary to an Effective Reorganization under 11 U.S.C. §362(d)(2)(B)**

Because of the significant amount of equity which exists in the Property, the proceeds from the sale of the Property at the contract price will be an integral part of the Debtors' reorganization plan. By its Motion, Logan looks to impair the Debtors' ability to reorganize and to take for itself the substantial equity that exists in the Property.

In determining whether certain property is necessary to effective Chapter 11 reorganization, for purposes of ruling on request for relief from stay under 11 USCS § 362(d) by holder of perfected security interest in property, Bankruptcy Court must make finding that there is reasonable possibility of successful reorganization within reasonable time. See In re: Penn

York Mfg., Inc., 14 B.R. 51, 4 C.B.C.2d. 965 (M.D. Pa. 1981). Further, the Debtor should prevail, notwithstanding whether or not a plan has been filed, as long as the Debtor can make some showing that reorganization is possible. See In re: Grand Sports, Inc., 86 B.R. 971 (N.D. Ind. 1988). Of the utmost importance, in determining whether property is necessary to effective reorganization, for purpose of granting or denying relief from automatic stay under 11 USCS § 362(d)(2)(B), the Court, during early stages of Chapter 11 proceeding, should give greater deference to Debtor's assertions that effective reorganization is in prospect. See In re: Chadwick Bay Hotel Assocs. Ltd. Partnership, 180 B.R. 47, 27 B.C.D. 10 (W.D.N.Y. 1995).

Here, the Debtors have substantial equity in the Property which they are trying to make available by the sale of the Property to willing and ready buyers. The Debtors anticipate that the equity which will exist in the Property will be used as part of a plan to make substantial payments to unsecured creditors.

Based on the foregoing, relief under 11 U.S.C. §362(d)(2) should be denied.

III. **CONCLUSION**

Based upon the foregoing, relief from the automatic stay should be denied.

Dated: October 14, 2009   **LAW OFFICES OF MICHAEL JAY BERGER**

_/s/ Michael J. Berger_
Michael Jay Berger
Counsel for Debtors,
Harry Marshak and Aviva Marshak

# DECLARATION OF HARRY MARSHAK

I, Harry Marshak, declare and state as follows:

1. I, along with my wife, Aviva Marshak, are the debtors and debtors-in-possession (the "Debtors"), in the above-captioned matter. I have personal knowledge of the facts set forth below and if called to testify as to those facts, I could and would competently do so.

2. On August 21, 2009, we filed for a voluntary Chapter 11 Bankruptcy. We are individuals residing in Beverly Hills, California.

3. We own two pieces of real property: 611 North Camden Drive, Beverly Hills, California 90210 (the "Property"), and 10520 Wilshire Blvd., Apartment 501, Los Angeles, California 90024.

4. We are currently in escrow to sell the Property for a purchase price of $4,750,000.00. We have entered into a California Residential Purchase Agreement and Joint Escrow Instructions, as amended, dated September 11, 2009, a true and correct copy of which is attached hereto as Exhibit "1", and incorporated herein by this reference.

5. At this writing, no motion to approve the sale of the Property has been filed because the Debtors are still awaiting an exact payoff demand from the first note holder, America's Servicing Company ("ASC"). In a telephone conversation on October 12, 2009, a representative of ASC assured me a payoff demand would be provided by October 16, 2009. Logan has provided the Debtors with a payoff demand.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on October 14, 2009 at Beverly Hills, California.

_____
HARRY MARSHAK

| In re: HARRY MARSHAK AND AVIVA MARSHAK | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 2:09-bk-32389-VK |

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

9454 Wilshire Blvd., 6th floor, Beverly Hills, CA 90212-2929

The foregoing document described "**OPPOSITION OF DEBTORS TO MOTION FOR RELIEF FROM AUTOMATIC STAY OF LOGAN MORTGAGE, INC. AND MARK LEONARD; DECLARATION OF HARRY MARSHAK IN SUPPORT THEREOF**" will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _October 14, 2009_ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 14, 2009 | Cristina Frankian | /s/ Cristina Frankian |
|---|---|---|
| Date | Type Name | Signature |

# SERVICE LIST

**Office of the United States Trustee**
725 S Figueroa St. 26th Floor
Los Angeles, CA 90017
ustpregion16.la.ecf@usdoj.gov
dare.law@usdoj.gov

Law Offices of Les Zieve
18377 Beach Blvd., Suite 210
Huntington Beach, CA 92648
Counsel for Logan Mortgage, Inc.
bankruptcy@zievelaw.com